IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CAMILLE A. JOHNSTON, ) | |
| ) | |
| Plaintiff and Counter Defendant, ) | |
| v. ) | No. 24-00403-CV-W-BP |
| ) | |
| JAMES E. MURRAY, *et al.*, ) | |
| ) | |
| Defendants and Counter Claimants. ) | |

### ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIM

Defendants seek leave to file an Amended Answer to (1) add an affirmative defense and (2) amend some of the allegations supporting their counterclaim. Plaintiff opposes the Motion in part, arguing the additional affirmative defense should not be allowed. The Court has considered the parties' arguments, and the Motion, (Doc. 19), is **GRANTED**.

Federal Rule of Civil Procedure 15(a)(2) directs that the Court "should freely give leave" to amend the pleadings "when justice so requires." However, "[a] district court may appropriately deny leave to amend where there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1053, 1065 (8th Cir. 2005) (quotations omitted); *see also Enervations, Inc. v. Minnesota Mining & Mfg. Co.*, 380 F.3d 1066, 1068-69 (8th Cir. 2004). Futility of an amendment calls for a legal inquiry. For instance, adding a claim is futile if "the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure . . . ." *Cornelia I. Crowell GST Trust v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008); *see also Ascente Bus.*

*Consulting, LLC v. DR myCommerce*, 9 F. 4th 839, 844 (8th Cir. 2021). Here, for the Court to declare that Defendants' additional affirmative defense is futile requires the Court to determine it is not viable as a matter of law.

Defendants wish to add an affirmative defense of qualified immunity. In opposing this request, Plaintiff does not rely on any of the grounds set forth above. Instead, she argues (1) Defendants are bound by facts alleged in Defendants' original Answer, some of which conflict with the defense of qualified immunity, and (2) facts revealed during discovery demonstrate Defendants are not entitled to qualified immunity. The Court is not persuaded either argument justifies denying the Motion.

First, facts alleged in the original Answer do not preclude Defendants from amending the Answer to allege different or additional facts; even Plaintiff concedes facts in a pleading constitute admissions "unless withdrawn or amended." (Doc. 22, p. 2.) Regardless, a party is free to plead alternative theories, Fed. R. Civ. P. 8(d)(2), and "may state as many separate . . . defenses it has, regardless of consistency." Fed. R. Civ. P. 8(d)(3). Therefore, the fact that Defendants' original Answer does not support, or even contradicts, an assertion of qualified immunity (an issue the Court does not address) is not a reason to deny Defendants' Motion.

Plaintiff's second argument is that evidence unearthed during discovery demonstrates Defendants were not acting in an official capacity and thus are not entitled to qualified immunity. However, as stated above, the futility analysis is legal in nature and asks only whether the defense is properly pleaded; Defendants' ability to *prove* the defense plays no role in the analysis.

Accordingly, Defendants' Motion, (Doc. 19), is **GRANTED** and Defendants shall have five business days to electronically file their Amended Answer. However, the Court notes their proposed Amended Answer includes redactions, (*see* Doc. 19-1); the Court also has reason to think

2

Case 4:24-cv-00403-BP     Document 25     Filed 03/03/25     Page 2 of 3

at least some of the redacted information is publicly available (including because it was reported in the media and is contained in other filings in this case). Defendants must (1) file an unredacted version of their Amended Answer or (2) obtain leave to file an Amended Answer with redactions (which will require Defendants to explain why the redactions should be allowed).[1]

**IT IS SO ORDERED.**

DATE: March 3, 2025

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] If Defendants obtain leave to file a redacted Amended Answer, they will be required to also file an unredacted version under Seal.